WILHELMINA SCHMIDT

v.

WILLIAM SCHMIDT.

The admissions of an answer to a petition for divorce on account of adultery (the statute providing that such answer must not be sworn to) are not, in an undefended suit, evidence sufficient to establish either the marriage, residence or guilt of the parties.

Petition for divorce. On final hearing on pleadings and proofs.

*Mr. Finley A. Johnson*, for complainant.

*Mr. B. C. Potts*, for defendant.

THE CHANCELLOR.

The petition is filed for a divorce *a vinculo*, on the ground of adultery. The defendant has answered. The answer admits the fact of the marriage and the truth of the statement of the petition as to the time when it occurred, but is silent as to the place. It denies the alleged adultery. The proof put in by the petitioner (the defendant has offered none), has reference to the adultery alone, and establishes it. The adultery is proved to have taken place in New York. There is no evidence as to the marriage or as to the residence or inhabitancy of either of the parties to the suit. If the petitioner relied on the admissions of the answer as rendering proof on any of those points unnecessary, it is obvious, from what has been said, that those admissions are not sufficient. But if they covered all those matters, it would, considering the nature of the cause, be against public policy to accept them instead of, and as rendering unnecessary, proof thereof. The suit is, notwithstanding the answer, practically undefended. The answer, in accord-

ance with the requirement of the statute, is not under oath. The petition is not evidence of any fact stated in it. To permit parties in divorce suits to establish, merely by the allegations and corresponding admissions of bill or petition and answer, the facts which are necessary to give the court jurisdiction, would be to practically annul important provisions of the law, and leave to simple, unverified (and perhaps fraudulently collusive) averment and admission facts which the legislature intended should be established by proof.

The case will stand over, to afford the petitioner an opportunity to present proof of the necessary jurisdictional facts.